# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO. 5:23-cr-56-JA-PRL-13

LATONYA SHAREE CONLEY

_____

## ORDER

Before the Court is Defendant Latonya Sharee Conley's *pro se* motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2). [1]   (Doc. 1044).   The

Government has filed a response in opposition.  (Doc. 1047).  Defendant's motion

will be denied for the following reasons.

Defendant requests a sentence reduction based on Amendment 833 to the

sentencing guidelines.[2] An amendment to the sentencing guidelines can serve

---

[1] Defendant's motion cites § 3582(c)(1)(A), rather than § 3582(c)(2), but for several reasons, including that Defendant's motion relies on an amendment to the sentencing guidelines, § 3582(c)(2) is the appropriate subsection under which to consider Defendant's motion.

[2] Amendment 833, which went into effect on November 1, 2025, "specifies that the mitigating role provisions in [U.S.S.G.] § 2D1.1(a)(5) and the 2-level reduction at [U.S.S.G.] § 2D1.1(b)(17) apply regardless of whether the defendant receives the [U.S.S.G.] § 3B1.2 adjustment by direct application of § 3B1.2 or by use of the special instruction in [U.S.S.G.] § 2D1.1(e)(2)(B)." *United States v. Portocarrero Angulo*, No.

as a basis for the Court to reduce a Defendant's sentence under § 3582(c)(2) when it is consistent with the Sentencing Commission's binding policy statements.   For § 3582(c)(2), the Sentencing Commission's binding policy statement is found in U.S.S.G. § 1B1.10.   Under U.S.S.G. § 1B1.10(d), the Sentencing Commission provides "Covered Amendments"—a list of amendments to the sentencing guidelines for which a sentence reduction is authorized.  As the Government correctly points out, Amendment 833 is not a "Covered Amendment" under U.S.S.G. § 1B1.10(d).  Therefore, the Court cannot reduce Defendant's sentence pursuant to Amendment 833.

The Court considered Defendant's lower role in the conspiracy at the time of sentencing.   And Defendant's 120-month sentence was the statutory minimum mandatory term of imprisonment for Count 5, and here, the Court cannot reduce her sentence below the statutory minimum.  *See, e.g., United States v. Valencia–Mosquera*, 654 F. App'x 1012, 1014 (11th Cir. 2016) (citing *Melendez v. United States*, 518 U.S. 120, 124–30 (1996)) (stating that, in specific circumstances, absent a request by the Government for a sentence below the statutory mandatory minimum, the district court is unauthorized to impose such a sentence).[3]

---

8:17-cr-621, 2026 WL 49731, at *1 (M.D. Fla. Jan. 7, 2026) (quoting U.S.S.G. Amendment 833).

[3] In the Eleventh Circuit, unpublished cases are not binding but are persuasive authority.

Accordingly, Defendant's motion (Doc. 1044) is **DENIED**.

**DONE** and **ORDERED** on April \_\_15\_\_, 2026.

_____

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Latonya Sharee Conley

3